**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DENNIS REYES-MORA,<br>Defendant. | Criminal Action No. 23-1030 (JXN)<br><br>**MEMORANDUM ORDER** |

**NEALS**, District Judge

The Court "may" schedule an evidentiary hearing on a pretrial motion. Fed. R. Crim. P. 12(c)(1). An evidentiary hearing is warranted when the defendant's moving papers "demonstrate a 'colorable claim' for relief," and there are "issues of fact material to the resolution of the defendant's constitutional claim." *United States v. Voigt*, 89 F.3d 1050, 1067 (3d Cir. 1996) (citations omitted).

As discussed in greater detail below, Defendant Dennis Reyes-Mora's ("Defendant") motion to suppress evidence (ECF No. 110) presents a colorable claim for relief under *Miranda v. Arizona*, 384 U.S. 436, 468–69 (1966), and there are issues of fact material to his claim. Accordingly, the Court shall hold an in-person evidentiary hearing on November 16, 2026 at 11:00 am and directs the parties to submit certain information relevant to that hearing.

## I. Defendant States a Colorable *Miranda* Claim

While executing a search warrant on Defendant's home, FBI Special Agent Angel Acevedo ("Acevedo") questioned Defendant. (Def.'s Ex. B at 1, ECF No. 110.) Acevedo advised Defendant he was not under arrest and did not read Defendant his *Miranda* rights. (*Id.*) Midway through the questioning, Defendant stated he wished to speak with an attorney. (*Id.*) The parties continued to

speak. (*Id.* at 1–2.) At some point later, the FBI arrested Defendant. (*See* Def.'s Ex. C, ECF No. 110.) Special Agents Acevedo and Erin Marshall ("Marshall") interviewed Defendant again at an FBI office. (*Id.* at 1.) Before asking any questions, Marshall read Defendant his *Miranda* rights "from a standard FD-395 form (Spanish version)."[1] (*Id.*) Defendant "acknowledged each of his rights and signed the waiver portion" of the FD-395, "expressing his willingness to speak to Agents without an attorney present." (*Id.*)

*Miranda* requires law enforcement to "explain that a suspect can choose to remain silent, or consult an attorney, before agreeing to a custodial interrogation." *United States v. Curry*, 158 F.4th 153, 158 (3d Cir. 2025). "After the warnings are given, if the suspect indicates that he wishes to remain silent, the interrogation must cease." *Maryland v. Shatzer*, 559 U.S. 98, 104 (2010). "Similarly, if the suspect states that he wants an attorney, the interrogation must cease until an attorney is present." *Id.* "If police interrogate a suspect who asked to speak with an attorney, courts treat direct evidence of that conversation as if no *Miranda* warning was given, even if the suspect otherwise validly waived his rights." *Curry*, 158 F.4th at 160. Interrogating a suspect without first providing a *Miranda* warning, or continuing to interrogate a suspect after they invoke their rights to remain silent or for an attorney generally renders any evidence collected in the interrogation inadmissible. *See id.* at 160.

Defendant argues he invoked his *Miranda* right to an attorney in response to Acevedo's questions during the search of his home. Because the Agents continued to ask Defendant questions both at his home and in custody, Defendant contends the Agents violated *Miranda* and his responses to the Agents' questions should be suppressed.

---

[1] The FD-395 form "is the FBI Miranda warnings document." *United States v. Williams*, 635 F. Supp. 3d 333, 336 (D.N.J. 2022).

The facts Defendant alleges, taken as true, could violate *Miranda*. If Defendant was "in custody" when he requested to speak with an attorney, Acevedo was required to stop the interrogation "until an attorney [was] present." *Shatzer*, 559 U.S. at 104. But, because Acevedo and Marshall continued to interrogate Defendant, the Court would be required to treat their conversations "if no *Miranda* warning was given, even if [Defendant] otherwise validly waived his rights." *Curry*, 158 F.4th at 160.

## II. <u>Whether Defendant was "in Custody" is a Material Issue of Fact</u>

*Miranda* applies only "when an individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning." *Miranda*, 384 U.S. at 478. An individual is "in custody" when "there is a 'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." *United States v. Leese*, 176 F.3d 740, 743 (3d Cir. 1999) (quoting *California v. Beheler*, 463 U.S. 1121, 1125 (1983)).

To find a person "in custody," courts use a three-step analysis. First, the Court examines "the circumstances surrounding the interrogation." *United States v. Ludwikowski*, 944 F.3d 123, 131 (3d Cir. 2019) (quoting *United States v. Jacobs*, 431 F.3d 99, 105 (3d Cir. 2005)).

Then, the Court asks whether "a reasonable person [would] have felt that he or she was not at liberty to terminate the interrogation and leave." *Id.* (alteration in original) (quoting *Jacobs*, 431 F.3d at 105 (3d Cir. 2005)). To make this determination, courts weigh, among other factors,

> (1) whether the officers told the suspect he was under arrest or free to leave; (2) the location or physical surroundings of the interrogation; (3) the length of the interrogation; (4) whether the officers used coercive tactics such as hostile tones of voice, the display of weapons, or physical restraint of the suspect's movement; and (5) whether the suspect voluntarily submitted to questioning.

*United States v. King*, 604 F.3d 125, 138 (3d Cir. 2010) (quoting *United States v. Willaman*, 437 F.3d 354, 359–60 (3d Cir. 2006)). Courts may also look at "whether the questioner believed the

interviewee was guilty; whether the interviewee was specifically told he was not under arrest; and whether he agreed to meet knowing that he would be questioned about a criminal offense." *Ludwikowski*, 944 F.3d at 132.

Finally, the Court considers "whether the relevant environment presents the same inherently coercive pressures as the type of station house questioning at issue in *Miranda*." *Howes v. Fields*, 565 U.S. 499, 509 (2012).

The Court cannot determine from this record whether Defendant was "in custody." It is unclear how many police officers accompanied Acevedo; whether their weapons were drawn; or whether any officers physically restrained or surrounded Defendant. The record does not state where Acevedo questioned Defendant or for how long. The Court does not know what questions Acevedo asked, how he asked the questions (i.e., in a particular tone of voice), or whether he outright accused Defendant of kidnapping. The record does not disclose if Defendant offered any information unprompted, or whether Defendant appeared cooperative in answering questions. While Acevedo told Defendant he was not under arrest, Acevedo's after-the-fact report does not state many times he did so, or whether he told Defendant he was free to go. Likewise, the record does not indicate whether Defendant requested to move freely (i.e., to get food or go to the bathroom), or whether Acevedo honored those requests. And, while Defendant asked for an attorney, the record does not identify whether Defendant or Acevedo reinitiated the questioning. Nor does Acevedo's report state whether the FBI arrested Defendant immediately after the questioning or the search.

This inquiry is highly fact-sensitive. *See, e.g.*, *United States v. Fautz*, 812 F. Supp. 2d 570 (D.N.J. 2011); *United States v. Vidal*, 85 F. App'x 858 (3d Cir. 2004); *United States v. Hvizdzak*, No. 21-30E, 2024 WL 4150099 (W.D. Pa. Sept. 11, 2024); *United States v. Beasley*, No. 20-361,

2023 WL 5984285 (E.D. Pa. Sept. 14, 2023); *United States v. Ramos-Colon*, No. 19-186, 2021 WL 2255899, at *6–7 (E.D. Pa. June 3, 2021).

Accordingly, the Court shall hold an in-person evidentiary hearing on November 16, 2026 at 11:00 am. Within fourteen (14) days of this Order, the parties shall (1) identify any witnesses they intend to call, (2) report for how long they intend to examine the witnesses, and (3) describe any other evidence they wish to present.

**SO ORDERED**

**DATED:** 10/8/2026

**JULIEN XAVIER NEALS**
**United States District Judge**